IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 14-40146-EFM

GREGORY KEITH WAKOLE,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gregory Keith Wakole's letter to the Court Clerk which the Court construes as a Motion to Reduce Sentence (Doc. 66). He asserts several questions regarding whether his sentence can be reduced. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court denies in part and dismisses in part Defendant's motion.

On July 17, 2015, Defendant pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119, and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On October 9, 2015, Defendant was sentenced to 160 months' imprisonment, 136 months' imprisonment on his carjacking count and 24 months' imprisonment on his felon in possession count to be served consecutively. On October 10, 2023, Defendant submitted a letter to the Court raising several

questions regarding a reduction to his sentence. As the Court noted above, it construes the letter as a Motion to Reduce Sentence.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows for a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Defendant first inquires whether he is entitled to a sentence reduction due to the new Sentencing Guidelines Reform Bill. He states that his two-point enhancement under the old sentencing guidelines may be eliminated with the new sentencing guidelines. The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[3] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C.1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4] These amendments will be retroactively applied, but "the court shall not order a reduced term of imprisonment . . . unless the effective date of the court's order is February 1, 2024, or later."[5]

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* ussc.gov/about/news/press-releases/august-24-2023 (last visited November 30, 2023); *see also* U.S.S.G. §§ 4A1.1, 4C1.1.

[5] U.S.S.G. § 1B1.10(e)(2); *see also* ussc.gov/about/news/press-releases/august-24-2023.

In this case, Defendant's PSI indicates that he has 14 criminal history points.[6] In addition, two additional points were added because he committed the offense while under a criminal justice sentence in Jackson County. Thus, his total criminal history is 16.[7] To the extent that Defendant complains that he should receive a two-point reduction due to the revised sentencing guidelines in Part A of Amendment 821—which limits status points when under a criminal justice sentence— he is incorrect because he would only be entitled to a one-point reduction.[8] Furthermore, a one-point or even two-point reduction would not change Defendant's criminal history score to the point that it would reduce his sentence.[9] Thus, this argument is without merit. In addition, to the extent that Defendant asserts that he should obtain a two-point reduction for being a zero-point offender, his contention is without merit. A zero-point offender is an individual with no criminal history points. Defendant is not a zero-point offender, and thus he is not eligible for the reduced term of imprisonment.

Next, Defendant states 18 U.S.C. § 922(g) is unconstitutional and that he may be able to obtain sentencing relief on this basis. To the extent that he can raise this argument in this motion, he is mistaken. In *Vincent v. Garland*,[10] the Tenth Circuit explicitly stated that "the constitutionality of the federal ban for *any* convicted felon's possession of a firearm" remains valid

---

[6] Doc. 61 at 12, ¶ 58.

[7] *Id*. at ¶ 59.

[8] *See* U.S.S.G. § 4A1.1 (providing that a defendant will receive an additional one point "if the defendant [] receives 7 or more points under subsections (a) through (d), and [] committed the instant offense while under any criminal justice sentence . . . ."). Defendant had 14 points and thus he would receive one additional point for a total criminal history of 15.

[9] A criminal history score of either 14, 15, or 16 puts Defendant in criminal history category VI.

[10] 80 F.4th 1197 (10th Cir. 2023).

law.[11]  Accordingly, because § 922(g)(1) remains constitutional, Defendant's argument for a sentence reduction on this basis is without merit.

Finally, Defendant contends that he is eligible for First Step Act ("FSA") credits because he is now serving his consecutive sentence under § 922(g)(1) which is not a crime of violence.  In certain circumstances, the FSA provides time credits for prisoners.[12]  A challenge to the computation of good time credit, however, must be filed as a motion for habeas corpus under 28 U.S.C. § 2241.[13]  In addition, "[a] § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him."[14]  Defendant is currently confined at USP Canaan in Waymart, Pennsylvania which is in the judicial district of middle Pennsylvania.  Because Defendant asserts that he may be entitled to a good time credit, he must file his motion as to this issue in that district.  Thus, the Court does not have jurisdiction over this issue and dismisses it.[15]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 66) is **DENIED IN PART** and **DISMISSED IN PART**.

**IT IS FURTHER ORDERED** the Court **DENIES** Defendant's request to appoint counsel.

---

[11] *Id.* at 1202 (citing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)).

[12] *Dahda v. Hudson*, 2023 WL 2815920, at *1 (D. Kan. 2023).

[13] *United States v. Morgan*, 2019 WL 2208155, at *1 (D. Kan. 2019) (citations omitted).

[14] *Id.* (citations omitted).

[15] *Id*.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2023.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE